562 So.2d 1132 (1990)
GULF SOUTH BANK & TRUST COMPANY
v.
Eric A. HOLDEN.
No. 89-CA-2023.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
Larry C. Pieno, Marrero, for Gulf South Bank & Trust Co.
Patricia A. Garcia, New Orleans, for Eric A. Holden.
Before LOBRANO, WARD and ARMSTRONG, JJ.
WARD, Judge.
Eric C. Holden appeals a judgment in favor of Gulf South Bank & Trust Company in its suit on a promissory note. We reverse the lower court ruling.
Eric C. Holden ("Holden") was one of five members of a partnership called Deeks Limited. That partnership was one of sixteen investors in a Partnership in Commendam known as Contessa Vali Thoroughbred Syndicate. Each investor in the Contessa Vali Syndicate purchased one unit in the syndicate at a cost of $20,000 per unit. Thus, Deeks Limited owned one-sixteenth interest at a cost of $20,000.
Deeks Limited, through each of its five members, sought the issuance of a $20,000 letter of credit from Gulf South Bank & Trust ("Gulf South") to fund its investment in the Syndicate. Pursuant to Deeks Limited's written request, on December 11, 1984 Gulf South issued an irrevocable letter of credit in favor of the Contessa Vali Syndicate. Although there is nothing in the record to show the reason Holden issued his note to the Bank, the Bank contends the $20,000 letter of credit was secured by a $4,000.00 promissory note from each of Deeks Limited's five members. Interestingly, Holden's note is dated December 21, 1982, almost two years before the issuance of the letter of credit. Gulf South extended a $300,000 line of credit to Contessa Vali Syndicate. Ultimately, the Syndicate borrowed $295,000 against that line of credit. Again the record is inconclusive but apparently the Syndicate pledged Deeks Limited's letter of credit and the letters of credit of the other 15 investors to secure the Syndicate's line of credit. Although the record does not indicate how the Bank acquired Deeks Limited's letter of credit issued to the Syndicate, on December 26, 1985 the Bank called the letter of credit and applied the funds to the Syndicate loan.
Gulf South received payment on the promissory notes of four of the members of Deeks Limited; however, Holden declined *1133 to pay his note in spite of demand. Gulf South then instituted these proceedings. Holden answered the suit, pleading lack of consideration. The Trial Court rendered judgment in Gulf South's favor in the amount of $4,000 plus interest, 25% attorneys fees and costs of the proceedings.
Holden argues first that Gulf South breached the terms of the letter of credit by funding without the requisite documents and second that the letter of credit expired prior to its funding. Both arguments have merit.
Louisiana Revised Statute 10:5-103(1)(a) defines a letter of credit as a written agreement by a bank made at the request of a customer to honor demands for payment when the demand complies with the terms of the letter of credit. Generally, there are three parties to such an agreement. The party requesting the letter of credit, is designated the "customer", in this case the five individuals, including Holden, doing business as Deeks Limited. La.R.S. 10:5-103(1)(g). The bank or party issuing the letter of credit, Gulf South, is the "issuer." La.R.S. 10:5-103(1)(c). The party in whose favor the letter of credit is issued, Contessa Vali Thoroughbred Syndicate, is designated the "beneficiary." La.R.S. 10:5-103(1)(d). See also Hawkland & Holland, UCC Services § 5-101:02 (art. 5).
In a documentary letter of credit the presenter is required to submit identified documents which establish the presenter's right to payment under the letter. The bank is under a strict statutory duty to examine the documents with care for compliance with the terms of the letter of credit. La.R.S. 10:5-109(2).
At trial Gulf South introduced the letter of credit which provides that a request to Gulf South for payment will be honored on sight when:
... accompanied by an affidavit signed by an officer of the holder of this Letter of Credit certifying that (i) a default exists under any loan of Contessa Vali Thoroughbred Syndicate, a Louisiana Partnership in Commendam, due such holder which this Letter of Credit may secure, ...
* * * * * *
Gulf South did not produce an affidavit certifying a default by the Syndicate. In fact, Gulf South's only witness merely testified that the letter of credit was called on December 26, 1985. In short, the Bank did not comply with the terms of the letter of credit authorizing it to fund the proceeds and apply them to the Contessa Vali Syndicate loan at Gulf South. While compliance in the form of an affidavit certifying a default in this case may be an absurd act because the bank is both holder of the letter and the Syndicate's creditor, the record offers no proof that the Syndicate was in fact in default of its loan.
A bank cannot seek reimbursement from the customer if the documents are not in proper compliance with the terms of the letter of credit. First National Bank v. Carmouche, 515 So.2d 785 (La.1987).
Addressing next the issue of expiration of the letter of credit, Gulf South also offered as evidence the letter from Deeks Limited signed by all its members, dated the same date as the letter of credit (January 13, 1984), in which the members requested the issuance of the letter of credit by Gulf South.
The last sentence of the request letter reads:
It is understood that the Letter of Credit will expire by its own terms on January 11, 1985.
Similar language appears in the second paragraph of the letter of credit.
Drafts must be drawn and negotiated on or before January 11, 1985, on which date this Letter of Credit expires.
Gulf South's witness testified that funding pursuant to the letter of credit occurred on December 26, 1985. When questioned about proof that the $20,000 had been applied to the Syndicate's loan, the bank's witness produced a bank ledger card which purportedly showed the application of the funds from the Deeks Limited letter of credit to the Syndicate loan. Although the ledger card is in the name of *1134 the Syndicate, neither the name Holden nor Deeks Limited appears on the card as the source of the credit, and the only credit on that date is for $17,439.36. The ledger card is nothing more than a series of unexplained dates and numbers. It is impossible to ascertain the import of the figures and dates written thereon. Nevertheless, even if we assume the bank proved it funded the letter of credit and in fact did apply the proceeds to the Syndicate's outstanding loan, that funding occurred on December 26, 1985, more than eleven months after January 11, 1985 when the letter of credit expired.
The Bank argues that the following language in the letter of credit authorized an extension in the term:
... This Letter may be drafted against, in full, without being accompanied by the Affidavit referred to above from December 11, 1984 until January 11, 1985 if this Letter of Credit is not renewed by January 11, 1985 for a period of one (1) year expiring January 11, 1986, in the face amount of $20,000.00 and in a form acceptable to the beneficiary, its transferees or assigns.
There is nothing in the record to show that the letter of credit was renewed by Deeks Limited or that the Contessa Vali Syndicate as beneficiary of the letter of credit approved an extension as required by the quoted provision. The request letter unequivocally seeks issuance of a letter of credit limited to a term of January 13, 1984 through January 11, 1985. Gulf South could not unilaterally extend or vary the term of the letter of credit. See First National Bank v. Carmouche, supra.
While it can reasonably be argued that the Bank did not prove consideration, or that the consideration given failed, assuming for the moment that the record supports a finding that Holden issued his note in exchange for the letter of credit, there would be adequate consideration exchanged for the note and the Bank is a holder in due course. La.R.S. 10:1-201, La.R.S. 10:3-302. If so, Holden's defense of failure of consideration would fall. Nonetheless, we are not bound by a theory of the case, La.C.C.P. Art. 2164, the Bank has breached its contract with Deek's Limited and Holden by paying the letter of credit when (1) the required documents were not produced with the letter of credit to show Contessa Vali Syndicate defaulted, and (2) after its expiration date.
Whether there is no proof of consideration or whether the consideration given failed or whether there is a breach of contract, the Bank cannot recover against Holden.
We reverse the lower court's finding of valid consideration and render judgment in favor of Holden dismissing Gulf South's suit on the note at its cost. All costs of the appeal are assessed to Gulf South.
REVERSED and RENDERED.